IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Catherine Powell Regan, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-cv-1810-RMG |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Palmetto Prince George Operating, LLC ) | |
| d/b/a Prince George Healthcare Center, and ) | |
| Millennium Management, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Plaintiff's and Defendant Palmetto Prince George Operating, LLC d/b/a Prince George Healthcare Center's (hereafter "Palmetto Prince") motions for summary judgment. Plaintiff brought this case alleging retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. Plaintiff and Defendant Palmetto Prince have each filed motions for summary judgment. (Dkt. Nos. 51 and 53). The parties have filed responses and replies. (Dkt. Nos. 61, 63, 64, and 65). The Magistrate Judge has issued a Report and Recommendation recommending that both motions for summary judgment be denied. (Dkt. No. 69). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the consequences if they failed to do so. The parties have not filed objections to the Report and Recommendation. The Court agrees with the conclusion of the Report and Recommendation of the Magistrate Judge for the reasons discussed herein and denies both motions for summary judgment, as further explained below.

1

**Background**

This is a Title VII action arising out of the employment relationship of Plaintiff, formerly the Director of Human Resources at a nursing home facility operated by Palmetto Prince. Plaintiff was supervised in some capacity by Mohamed Othman, the Administrator of the facility, and Ronda Schmidt, who was Regional Human Resources Director, but employed by another entity, Palmetto OpCo, LLC. (Dkt. No. 63-4 at 6). Plaintiff alleges that after she learned from employee Rosalyn Burgess that Othman was possibly having an affair with a receptionist Danielle Guay, Plaintiff reported this to Schmidt, who advised her that "there is nothing we can do unless Danielle reports it." (Dkt. No. 63-4 at 14, 17, 21). Plaintiff also alleges that Othman called Burgess and "told her to keep her mouth shut" because "these rumors could cost him his job." (Dkt. No. 63-4 at 16). Plaintiff thereafter learned that Kathleen Gilbride, a part-time receptionist, had her hours reduced by Othman and was collecting unemployment benefits, allegedly because Guay, the full-time receptionist, was returning from school.

Lisa Lopez, who was Human Resources Manager for Defendant Millennium Management, a related company that contracted with Palmetto Prince to provide services, contacted Plaintiff to discuss an unrelated matter. (Dkt. No. 63-4 at 26). According to evidence presented by Plaintiff, Lopez would call Plaintiff with employee relations issues, payroll and general human resources concerns from time to time. (Dkt. No. 63-4 at 10). Plaintiff reported her concerns of a possible sexual harassment issue between Othman and Guay to Lopez and the reduction of Gilbride's hours in favor of Guay. (Dkt. No. 53-4 at 1). Shortly thereafter, Plaintiff was informed by Othman that she was suspended without a reason other than it was "embarrassing". (Dkt. No. 63-4 at 31). The following day Plaintiff was terminated for "not following chain of command" and "leaving property/assigned work area earlier than time

allotted" on one occasion. (Dkt. No. 61-6 at 1).

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that she is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence is viewed in a light most favorable to the non-moving party. *Perini Corp. v. Perini Construction, Inc.*, 915 F.2d 121, 123 (4th Cir.1990).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

3

317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. Rather, the nonmoving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

Defendant Palmetto Prince argues that Plaintiff has failed to exhaust her administrative remedies because her Equal Employment Opportunity Commission (hereafter "EEOC") charge of discrimination only named Defendant Millennium and not Palmetto Prince. (Dkt. No. 53-1 at 5-6). As the Magistrate Judge points out, Plaintiff provided the contact information of both Palmetto Prince and Millennium Management to the EEOC. (Dkt. No. 63-9). Further, on the EEOC charge, Plaintiff listed her employer as "Millennium Management d/b/a Prince George Healthcare Center." (Dkt. No. 63-10). While naming a party as a defendant in an EEOC charge is generally a jurisdictional requirement to bringing suit, two exceptions are recognized, including "where the party named in the complaint is for all practical purposes the same as the party named in the EEOC charge" or "where the defendants were given some notice of the EEOC violation, and thus, should have anticipated being named in the Title VII suit." *Londeree v. Crutchfield Corp.*, 68 F.Supp.2d 718, 724-25 (W.D.Va. 1999). In the instant case, there is evidence that officials with Palmetto Prince had notice of the EEOC filings. (Dkt. No. 63-5 at 16-18). Thus, Palmetto Prince is not entitled to dismissal of Plaintiff's claims on this procedural ground.

As to the merits of Plaintiff's claim, this Court concludes that the Magistrate Judge correctly determined that various questions of fact remain and thus a denial of summary

judgment is appropriate. Defendant alleges that Plaintiff is unable to establish a prima facie case of retaliation because she was not engaged in protected activity. To establish a prima facie case of retaliation, Plaintiff must show that "(1) that she engaged in protected activity, (2) that an adverse employment action was taken against her, and (3) that there was a causal link between the protected activity and the adverse employment action." *Laughlin v. Metropolitan Washington Airports Authority*, 149 F.3d 253, 258 (4th Cir. 1998). Plaintiff need only "demonstrate a good faith, reasonable belief that the underlying challenged action violated the law." *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1155 (8th Cir. 1989).

Plaintiff testified that "I consider Rosalyn coming to me and telling me the information that she knew or what she knew that the receptionist's schedule was rearranged and that she thought that Mohamed and Danielle were having an affair, I consider her telling me that specifically, calling me after work hours, a complaint." (Dkt. No. 63-4 at 38). Othman admitted that Plaintiff had a duty to report all complaints of harassment and that Plaintiff would be responsible for conducting a sexual harassment investigation. (Dkt. No. 52-4 at 26, 28). Othman testified that he had no reason to believe that Plaintiff was not making this report in good faith. (Dkt. No. 63-5 at 15). Schmidt also testified that Lopez was a resource that Plaintiff could use when she had EEOC questions. (Dkt. No. 52-6 at 5-6). Viewing the evidence in a light most favorable to Plaintiff, this Court concludes that Plaintiff could have had a good faith, reasonable belief that sexual harassment was taking place and that another employee was adversely affected because of it. *See Richey v. City of Independence*, 540 F.3d 779, 785 (8th Cir. 2008)("The jury must decide whether the employer took the adverse action because of a good faith belief that the employee made false accusations (in which case there is no liability...or because the employee opposed unlawful activity (in which case the employer's conduct would violate Title VII....)").

The Magistrate Judge also correctly concluded that there is a question of fact as to whether Plaintiff's actions were reasonable and thus Plaintiff is not entitled to summary judgment. The Supreme Court has held that the "gravamen of any sexual harassment claim is that the alleged sexual advances are 'unwelcome'" and reasoned that "[w]hether particular conduct was indeed unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier of fact." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986). Schmidt testified that Plaintiff did not have any reason to believe the rumor. (Dkt. No. 61-2 at 11). Burgess testified that she and Guay were joking with each other about Othman and that may have been how the rumor got started. (Dkt. No. 61-1 at 2-5). Guay never indicated to Plaintiff that she was being sexually harassed and there is no evidence that Plaintiff spoke to Guay about it. Viewing the evidence in the light most favorable to the Defendant, Plaintiff is also not entitled to summary judgment.

Defendant Palmetto Prince asserts as part of its argument for summary judgment that it has put forth a legitimate, nondiscriminatory reason for Plaintiff's termination. The Fourth Circuit has made clear that a plaintiff can survive a motion for summary judgment in one of two ways. First, the plaintiff can offer "direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor. . .motivated the employer's adverse decision." *Diamond v. Colonial Life and Accident Insurance Company*, 416 F.3d 310, 318 (4th Cir. 2005). Second, the plaintiff can use the pretext framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which includes the establishment of a *prima facie* case. *Diamond*, 416 F.3d at 318. As the Fourth Circuit has noted, "[i]n the event that a plaintiff has direct evidence of discrimination or simply prefers to proceed without the benefit of the burden-shifting framework, she is under no obligation to make out a prima facie case." *Id.* at 318, n. 4.

6

In her Response to Defendant's Motion for Summary Judgment, Plaintiff argues that she does not need to resort to the burden-shifting scheme embodied in *McDonnell Douglas Corp. v. Green* because "where a plaintiff in a disparate treatment case has direct evidence of an illicit motive by the employer. . .[the *McDonnell Douglas* scheme] is not applicable." (Dkt. No. 63 at 20). The Fourth Circuit has noted that such direct evidence requires "evidence of conduct or statements that both reflect directly the allegedly discriminatory attitude and that bear directly on the contested employment decision." *Kubicko v. Ogden Logistics Services*, 181 F.3d 544, 553 (4th Cir. 1999). Specifically Plaintiff argues that this direct evidence is embodied in "the discharge decision itself, the timing of the decision, and Defendant's explanation." (Dkt. No. 63 at 20). Plaintiff argues that she was fired the day after telling Lopez about her concerns and asking for advice. (Dkt. No. 63 at 21). Schmidt, who directed Othman to suspend Plaintiff, testified that it was for an "embarrassing" reason and that she "would discuss it with him in the morning face-to-face." (Dkt. No. 63-3 at 3). Plaintiff also testified that Othman told her that the reason for her suspension was "embarrassing" and would not tell her why she was being suspended. (Dkt. No. 63-4 at 31). There is testimony that Othman called Burgess on her cell phone and told her to keep her mouth shut because those rumors could cost him his job. (Dkt. No. 63-4 at 16). Othman testified that he terminated Plaintiff "[b]ecause she went outside our company to report the sexual harassment." (Dkt. No. 63-5 at 12). Because Plaintiff has offered sufficient evidence to survive summary judgment with direct or circumstantial evidence of retaliation, Plaintiff need not demonstrate the presence of a prima facie case under the *McDonnell Douglas* burden shifting standard and this Court need not engage in the burden shifting analysis.

## Conclusion

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 51) and **DENIES** Defendant Palmetto Prince's Motion for Summary Judgment (Dkt. No. 53).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 25, 2012
Charleston, South Carolina